UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERTA REINITZ, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 21-cv-1239-JES-JEH |
| KELLOGG SALES COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant's Memorandum and Motion (Doc. 6) to Dismiss and Plaintiff's Memorandum in Opposition (Doc. 10). Defendant has filed a Reply and, with leave of Court, Supplemental Authority in the form of a recently published order in *Chiappetta v. Kellogg Sales Co.*, No. 21-3545 (N.D. Ill. Mar. 1, 2022). For the reasons indicated herein, Defendant's Motion to Dismiss is GRANTED, although Plaintiff will be given leave to replead.

### I.   BACKGROUND

The following facts are taken from Plaintiff's Complaint, which the Court accepts as true for the purposes of a motion to dismiss. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). Plaintiff filed a complaint on behalf of herself and the putative class of Illinois, Iowa, and Arkansas consumers who purchased Defendant Kellogg's Frosted Chocolate Fudge Pop-Tarts ("Fudge Pop-Tarts") during the applicable statutes of limitations. (Doc. 1 at 11). Plaintiff complains that, despite the name and the chunk of fudge pictured on the label, Fudge Pop-Tarts do not contain milk and butter, collectively "milkfat," ingredients which she claims are

1

integral to fudge. The ingredients on the back of the package are listed as sugar, various oils, whey, and cocoa, among others. (Doc. 1 at 7).

Plaintiff asserts that she would not have purchased the Fudge Pop-Tarts, or would not have paid a premium price for them, had she known the product "lack[ed] ingredients essential to fudge – butter and milk – and substitute[d]," "lower quality and lower-priced," "vegetable oils and whey."[1] (Doc. 1 at 7). A copy of the label and packaging is reproduced below:



Plaintiff claims that the labeling was false, intended to deceive the consumer in violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 et seq.; the Iowa and Arkansas consumer fraud acts; state law express and implied warranties of merchantability and the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, et seq.; and resulted in tortious negligent misrepresentation, common-law fraud, and unjust enrichment.

Plaintiff asserts that she has been economically injured in paying for Fudge Pop-Tarts not made with milkfat. She also requests injunctive relief, asserting that members of the putative class continue to face injury as they may well purchase the Fudge Pop-Tarts unaware that they do

---

[1] Whey is a liquid milk protein expelled during the cheese-making process. What Is Whey and How Is It Used? (thespruceeats.com)

not contain milkfat. Plaintiff requests that the Court order that Defendant stop the allegedly deceptive practices and representations, disgorge profits, pay restitution to the class members, and pay punitive damages, fees, and costs.

Kellogg has moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and to dismiss the claim for injunctive under Federal Rule of Civil Procedure 12(b)(1), for lack of standing. Plaintiff responds that she is not required, at the pleadings stage, to establish that the use of the term fudge is clearly misleading. She need only establish that her interpretation of the labeling is facially plausible. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 494 (7th Cir. 2020) (Kanne, J. concurring). Plaintiff asks that the Court deny Defendant's motion to dismiss or, in the alternative, grant her leave to file an amended complaint.

## II.   LEGAL STANDARDS

**Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint, but not the merits of a case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such motions, courts "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagovich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 679.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. These requirements ensure that a defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The required level of factual specificity rises with the complexity of the claim. "A more complex case ... will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

Fraud claims, including those brought under the ICFA, must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b): *"Fraud or Mistake; Conditions of Mind.* In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *See also*, *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011). In practice, this means that a plaintiff "must identify the 'who, what, when, where, and how' of the alleged fraud." *Benson*, 944 F.3d at 646 (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019)).

**Rule 12(b)(1) Motion to Dismiss**

As noted, Defendant asserts that Plaintiff lacks standing to assert a claim for injunctive relief, thus divesting the Court of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). "As

the party invoking federal jurisdiction, a plaintiff bears the burden of establishing the elements of Article III standing." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, No.17-01537, 2018 WL 340020, at *2–3 (C.D. Ill. Jan. 9, 2018) (citing *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)). To establish standing plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *MAO-MSO,* 2018 WL 340020, at *2–3 (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Where, as here, there is a facial challenge to the court's subject matter jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the matter. *Silha*, 807 F.3d at 173. If a court does not have subject matter jurisdiction over a claim, it must be dismissed. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).

### III. ANALYSIS

#### A. ICFA

The ICFA safeguards "consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (internal citation and quotation marks omitted). Under the ICFA, "a statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Pepperidge Farm, Inc.*, 2022 WL 203071, at *3 (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001)). To state an ICFA claim, a plaintiff must allege "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel*, 612 F. 3d at 934. It is not enough to show the "mere possibility of fraud," as Plaintiff must show that fraud is a "necessary or

probable inference from the facts alleged." *Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 672 (N.D. Ill. 2016) (quoting *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 174 (Ill. 1992)). This is, that a reasonable consumer would be deceived by the labeling of the product. The reasonable consumer test requires "a probability that a significant portion of the general consuming public...acting reasonably in the circumstances, could be misled." *Pepperidge Farm, Inc.*, 2022 WL 203071, at *3 (internal citation omitted). When considering an ICFA claim, "a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001). However, "if a plaintiff's interpretation of a challenged statement is *not* facially illogical, implausible, or fanciful, then a court may *not* conclude that it is nondeceptive as a matter of law. *Bell*, 982 F. 3d 493 (emphasis in original).

Plaintiff describes fudge as a "sweet based on milkfat, which is how scholars of confectionery, home cooks, and everyone in between, has understood this food for over a century." Plaintiff cites various dictionary definitions of fudge which are consistent with this statement. In her complaint, Plaintiff also cited to Molly Mills whom she identifies as "one of today's leading authorities on fudge."

Defendant disputes that fudge must contain milkfat, citing portions of Ms. Mills's book, asserting that, as it was identified in the complaint, it is incorporated by reference and may be considered in a motion to dismiss. Defense counsel has provided copies from Ms. Mills's book (Doc. 7-2), which contains 40 fudge recipes,[2] along with an affidavit as to the truth and accuracy of the copy. The Court has viewed a number of the fudge recipes and agrees that some are not made with milkfat. (Doc. 7-2 at 10, 12, 23, 30, 36, 38). While Ms. Mills indicates that fudge is

---

[2] Molly Mills, *Come Get Your Fudge: 40 Tasty and Creative Fudge Recipes for Everyone* (2019).

"*most commonly* made from butter, milk, sugar, and chocolate[,]" she provides various recipes for fudge which do not contain butter and milk. (Doc. 7-2 at 43) (emphasis added).

Defendant claims that its product may be described as fudge as it has a chocolatey fudge-like taste, even though not made with milk and butter. Defendant asserts that "fudge" is not so specific a term that a reasonable customer would be deceived when buying "fudge" not made with milkfat. *See Manley v. Hain Celestial Group, Inc.*, 417 F. Supp. 3d 1114, 1119 (N.D. Ill. 2019) (citing *Phillips v. DePaul Univ.,* 385 Ill. Dec. 823, 834, 19 N.E.3d 1019 (1st Dist. 2014) (finding while information "could certainly have been more specific," it was not actionable under the ICFA as it made "no affirmative misrepresentation.")

While Plaintiff identifies evidence to support that credible third parties opine that "milkfat is the central component of fudge," Ms. Mills, whom Plaintiff has identified as an authority, has formulated a variety of fudge recipes in which milkfat is not an ingredient. Whether or not experts agree, Plaintiff fails to support that the average consumer would believe a fudge product must, of necessity, contain milkfat. *See, generally, Harris v. Kellogg Sales Co*., No. 21-1040 (S.D. Ill. May 24, 2022) (Doc. 23) (dismissing with prejudice the claim that Strawberry Pop-Tarts had an insufficient amount of strawberry and that the description and picture on the label were misleading). There, the court found that plaintiff's interpretation of the representations on the label was not consistent with "how the public understands and reacts to product advertising." *Id*. at 5.

The Court does not find Plaintiff's pleadings establish "a probability that a significant portion of the general consuming public . . . could be misled." *Beardsall v. CVS Pharmacy, Inc*., 953 F. Ed 969, 973 (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal citations and quotation marks omitted). *See Chiappetta,* No. 21-3545 (N.D. Ill. Mar. 1, 2022),

(finding "no reasonable consumer could conclude," based merely on the use of the term "Strawberry" and the picture on the package, that a Strawberry Pop-Tart contained only strawberries, not other fruits, and food dye). Here, too, Plaintiff fails to support that a chocolate-tasting fudge product made from oils and whey would mislead a reasonable consumer. *See also*, *Stiles v. Trader Joe's Co.*, No.16-4318, 2017 WL 3084267, at *4 (C.D. Cal. Apr. 4, 2017), (dismissing claim that "Frosted Maple and Brown Sugar Shredded Bite Size Wheats" and "Oatmeal Complete Maple and Brown Sugar" falsely suggested that the products contained maple syrup or maple sugar where the products had a maple flavor and were not advertised as containing maple syrup or maple sugar).

Defendant claims, even if it were otherwise, the term "fudge" refers to the taste of the product, not its ingredients. Defendant asserts that the packaging and description "accurately suggests that Frosted Chocolate Fudge Pop-Tarts taste like chocolate and look like the toaster pastries depicted on the front label." (Doc. 7 at 11). Defendant likens this to cases where the use of "vanilla" was not found misleading, although the product did not contain vanilla, as the term referred to the product's flavor, and allowed consumers to differentiate between the producer's various flavors of almond milk. *See Cosgrove v. Blue Diamond Growers*, No. 19-8993, 2020 WL 7211218, at *1 (S.D.N.Y. Dec. 7, 2020); *Stiles*, 2017 WL 3084267, at *4 (C.D. Cal. Apr. 4, 2017) (finding no deception where products were maple flavored but did not contain maple syrup or maple sugar).

Plaintiff offers the undeveloped argument that vanilla is a flavor designator not an ingredient, while fudge is an ingredient, not a flavor. It is clear that vanilla can be both a flavor and an ingredient and Plaintiff does not support that the same cannot be said of fudge.

Plaintiff additionally asserts fraud due to the alleged ambiguity of the label. Plaintiff claims, that while Defendant offers one non-deceptive interpretation, it is susceptible to other interpretations and her interpretations is facially plausible. *See Bell*, 982 F.3d at 494. Defendant disagrees, citing *Pepperidge Farm, Inc.*, 2022 WL 203071, at *4 (quoting *Fuchs v. Menard, Inc.*, No. 17-01752, 2017 WL 4339821, at *3 (N.D. Ill. Sept. 29, 2017)). "[A] court may dismiss an ICFA claim at the pleading stage if the statement is 'not misleading as a matter of law.'" As Plaintiff has failed to support that a reasonable consumer would expect fudge to contain milkfat, she fails to establish that a consumer who purchased non-milkfat-containing Fudge Pop-Tarts would be deceived. As a result, the ICFA claim is dismissed.

Defendant notes that Plaintiff's complaint made a passing reference to Food and Drug Administration ("FDA") Regulation 21 C.F.R. § 102.5 which prohibits the misbranding of foods and requires that the common or usual name of a food "accurately identify or describe, in as simple and direct terms as possible, the basic nature of the food or its characterizing properties or ingredients." Defendant objects to a claim based on this regulation on several grounds, including that 21 C.F.R. § 102.5 does not provide for a private right of action. Plaintiff has responded, refuting the suggestion that she is asserting an FDA claim, and affirming that her claim is brought pursuant to the ICFA. As Plaintiff has affirmatively waived any purported FDA claim, the Court does not further consider this issue.

**B. State Consumer Fraud Statutes**

Defendant cites cases, and Plaintiff does not dispute, that the Arkansas and Iowa state fraud statutes use a "reasonable consumer" standard similar to that of the Illinois ICFA statute. (Doc. 7 Fn. 2). As the Court finds that Plaintiff has failed to sufficiently plead a colorable ICFA claim, it finds the same as to any claims alleged under the Arkansas and Iowa fraud statutes.

9

### C. Breach of Express and Implied Warranties and the Magnuson Moss Warranty Act

Defendant asserts that Plaintiff cannot proceed on her breach of warranty claims as she cannot establish that the advertising was likely to mislead a reasonable consumer; and that there was no privity of contract between Plaintiff and Kellogg, so as to render Kellogg liable for breach of warranty. To proceed on an Illinois claim for breach of express warranty, Plaintiff must sufficiently plead that the defendant: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714 (N.D. Ill. 2020). In a claim for breach of an implied warranty, plaintiff must allege that "'(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect… To be merchantable, the goods must be, among other things, fit for the ordinary purpose for which the goods are used." *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015).

Plaintiff asserts that Defendant breached express and implied warranties as, despite the label's "'affirmation of fact or promise' that the filling was 'comprised of a non-de minimis amount of milk fat ingredients,'" this was not the case. The Court has already found, however, that the labeling on the Fudge Pop-Tarts would not lead a reasonable consumer to believe that the Fudge Pop-Tarts contained milkfat. *See Chiappetta*, No. 21- 3545 (Doc. 18) (dismissal of ICFA claim that product packaging was misleading, was "fatal to [plaintiff's] claims for breach of express and implied warranties.") (citing *Spector*, 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016)).

As Plaintiff does not have viable state-law warranty claims, she cannot proceed under Manguson-Moss. *See Pepperidge Farm*, 2022 WL 203071, at *5. "In claims brought under the

MMWA, state law governs the creation of implied warranties…Since Illinois law prevails and this Court has dismissed both the express and implied warranties for failing to properly allege a state law claim, any MMWA counts are dismissed as well." As these claims are dismissed, the Court need not consider Defendant's additional argument that there was no privity of contract between Plaintiff and Kellogg.

### D. Common-Law Claims negligent misrepresentation, common-law fraud, and unjust enrichment

Defendant claims, generally, that the negligent misrepresentation and fraud claims must be dismissed as Plaintiff has failed to sufficiently plead that Kellogg's labeling was deceptive; that it would have mislead a reasonable consumer. *See generally Avon Hardware Co. v. Ace Hardware Corp.*, 998 N.E.2d 1281, 1287–88 (Ill. Ct. App. 2014) (fraud and negligent misrepresentation claims require false statement of material fact). Defendant also alleges specific additional reasons for dismissing the negligent misrepresentation and fraud claims.

1. <u>Negligent Misrepresentation</u>

Plaintiff claims, and Defendant denies, that the label and packing of the Fudge Pop-Tarts' negligently misrepresented that the product contained a milkfat-based fudge. Defendant further asserts that this claim may not proceed due to the *Moorman* or "economic loss rule" which prevents recovery in tort for a purely economic loss. *See Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 86, 435 N.E.2d 443, 450 (1982) ("The remedy for economic loss, loss relating to a purchaser's disappointed expectations . . . lies in contract."). Defendant asserts that *Moorman* applies where Plaintiff's claimed injury is solely economic, the money she spent purchasing the Fudge Pop-Tarts. *See* (Doc. 7 at 18) (citing *Manley*, 417 F. Supp. 3d at 1120–21, applying *Moorman* to consumer's negligent misrepresentation claim).

Plaintiff responds with the undeveloped argument that Defendant had a non-delegable duty outside of contract due to its corporate expertise and international status. Plaintiff cites *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 515 (Ill. 1994), where it was held that professionals such as accountants and attorneys are learned intermediaries who may be liable in tort even if the client has suffered only economic loss. Plaintiff offers nothing, however, to support that this reasoning applies to a producer of breakfast products. *See Manley*, 417 F. Supp. 3d at 1120-21 (applying *Moorman* as a bar to a tort action against a manufacturer of sunscreen, as defendant was not "in the business of supplying information for the guidance of others in their business transactions…"). Here, as in *Manley*, there is no allegation that Defendant Kellogg was in the business of supplying guidance or information so as to make it liable in tort for negligently providing the same.

2. Common Law Fraud

To allege common law fraud under Illinois law, Plaintiff must sufficiently plead *scienter*, that Kellogg "intentionally made a false statement of material fact…for the purpose of inducing reliance thereon." *Ollivier v. Alden*, 634 N.E.2d 418, 424 (Ill. App. Ct. 1994). Fraud must be "the necessary or probable inference' from the facts alleged..." (Doc. 7 at 19) (quoting *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (1996)). While Plaintiff asserts that Defendant had "knowledge that the Product['s] [filling] was not consistent with its representations," she does not support this. For its part, Defendant has asserted that "fudge" need not contain milkfat and Plaintiff's authority, Ms. Mills, has crafted at least six fudge recipes in which milkfat is not an ingredient. Consequently, Plaintiff fails to establish that the "fudge" description on the label was a false statement, or that Defendant intentionally made a false statement, the *scienter* element necessary to plead fraud.

Unjust Enrichment

Defendant rightly asserts that Plaintiff cannot proceed with a claim for unjust enrichment where she has failed to successfully plead an action for fraud. (Doc. 7 19-20) (citing *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) "[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." This claim, too, is dismissed.

**E. Claim for Injunctive Relief**

Plaintiff has requested injunctive relief, that Defendant be ordered to correct the alleged misrepresentations and refrain from engaging in the challenged practices. Here, however, the Court has dismissed all claims arising from the complaint, and as "there is no continuing violation of federal law," the Court does not have the authority to order injunctive relief. *Green v. Mansour,* 474 U.S. 64, 71(1985). Even if it were otherwise, Plaintiff fails to sufficiently plead that she is at threat of future injury. *See Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (citing *Benson v. Fannie May Confections Brands, Inc.*, No. 17-3519, 2018 WL 1087639, at *5 (N.D. Ill. Feb. 28, 2018) (finding as plaintiffs were "already aware of Fannie May's alleged deceptive practices, Plaintiffs cannot claim they will be deceived again in the future... absent some concrete basis to conclude that the plaintiffs will or must purchase the product again in the future and be deceived, they cannot meet the standing requirements for injunctive relief claims.").

Plaintiff is now fully aware that the Fudge Pop-Tarts do not contain milkfat, so she is not susceptible to "being revictimized." *Benson*, 2018 WL 1087639, at *5. While Plaintiff pleads that

she wishes to consume Kellogg's Fudge Pop-Tarts, provided they are made with milk and butter, Kellogg is not obligated to indulge her by producing such a product.

Defendant adds the additional argument that Plaintiff may not "back door" a claim for standing. That is, since Plaintiff is personally aware that Fudge Pop-Tarts do not contain milkfat, she cannot assert standing through class members who are not aware, and at risk of future economic injury. *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 857 (N.D. Ill. 2021) (no standing for injunctive relief where "there is no showing of any real or immediate threat that the plaintiff will be wronged again…" *See also Mednick v. Precor, Inc.*, No. 14-3624, 2016 WL 5390955, at *9 (N.D. Ill. Sept. 27, 2016) (finding plaintiffs "'cannot rely on the prospect that *other* consumers may be deceived' to boost their own standing").

Nonetheless, Plaintiff claims that injunctive relief is warranted as the alleged fraud continues, citing *Muir v. NBTY, Inc.,* No. 15-cv-9835, 2016 WL 5234596, at *10 (N.D. Ill. Sept. 22, 2016). There, the court found plaintiff had standing for purposes of injunctive relief where defendant allegedly continued to sell the product "in a false, misleading, unfair, and deceptive manner." *See id*. (citing *Camasta v. Jos. A. Bank, Clothiers, Inc.*, No. 12-7782, 2013 WL 474509, at *6 (N.D. Ill. Feb. 7, 2013) (determining plaintiff had standing as "there is a substantial danger that [the defendant's] wrongful retail practices will continue.")). Here, of course, the Court has not found wrongful conduct on the part of Defendant and finds no ongoing risk which would confer standing for purposes of injunctive relief.

## V. CONCLUSION

The Court has dismissed all of Plaintiff's claims and, given the facts, it may be difficult to cure in a subsequent pleading. As previously noted, one court has dismissed a similar case without prejudice, finding that the picture and "Strawberry" designation on the label would not

mislead a reasonable consumer. *Chiappetta*, No. 21-3545. Although given leave to amend, the plaintiff chose not to do so. In the other cited Strawberry Pop-Tart case, *Harris*, No. 21-1040, the court dismissed with prejudice, finding plaintiff's interpretation of the label and advertising were unreasonable and not representative of the way it would be interpreted by a reasonable consumer. *Id*. at 5.

The Plaintiff here has also failed to adequately plead that her interpretation of the picture and "Fudge" designation on the label is one shared by "a significant portion of the general consuming public…" *Beardsall*, 953 F. Ed 969, 973. Still, the Court cannot foreclose the possibility that she may yet be able to plead such a claim. Out of an abundance of caution, Plaintiff will be given a final opportunity, within 14 days, to file an amended complaint. Defendant's Motion to Dismiss (Doc. 6), is GRANTED.

Signed on this 2nd day of June, 2022.

                                                     s/James E. Shadid
                                                   JAMES E. SHADID
                                        UNITED STATES DISTRICT JUDGE